## Assigned Estate of Reuben R. Strickler.    John Balmer's Appeal.

*Bond—Gift—Evidence.*

B. gave his son-in-law, S., $7,800 with which to buy a farm, and took therefor an ordinary money bond, by which it was provided that the money was to be accounted for without interest when a final settlement was made of B.'s estate. S.'s wife died before B. or S., and after her death S. became insolvent and made an assignment for the benefit of creditors. *Held*, (1) that the bond could not be construed as a gift by way of advancement from B. to S; (2) that it was not to be settled for after B.'s death by charging it against his daughter's share of his estate, but B. was entitled to share as a creditor in the distribution of S.'s assigned estate.

Argued May 17, 1897. Appeal, No. 406, Jan. T., 1896, by John Balmer, from order of C. P. Lancaster Co., Trust Book No. 15, page 185, sustaining exceptions to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Reversed.

Exceptions to report of auditor, W. F. Beyer, Esq.

The facts are stated in the opinion of the Supreme Court.

The auditor recommended the following decree:

The dividend of $7,386.06 on John Balmer's bond is awarded to Amos R. Strickler, assignee, as trustee in trust, to pay the interest on this sum to Reuben R. Strickler, annually during the lifetime of John Balmer, and at death of John Balmer to pay the principal sum to the executors or legal representatives of said. John Balmer.

The court in an opinion by BRUBAKER, J., sustained exceptions to the auditor's report, and awarded the balance of the estate to Reuben R. Strickler.

*Errors assigned* were in sustaining exceptions to auditor's report.

*N. Franklin Hall* and *J. Hay Brown*, of *Brown & Hensel*, for appellant.

*A. H. Fritschey*, for appellee.

OPINION BY MR. JUSTICE GREEN, July 15, 1897 :

By the decision of the learned court below a bond for the payment of $7,800, regularly sealed and delivered, has been declared to represent, not a debt due from the obligor to the obligee, but a gift of the entire sum of money by the obligee to the obligor. We are quite unable to see the transaction in any such light, and for reasons which are entirely convincing to us. There is no doubt as to the actual facts of the case. John Balmer certainly did lend $7,800 to Reuben R. Strickler in April, 1882, when he received from Strickler the bond in question. It is the ordinary form of a common money bond in the penal sum of $15,600, concluding with the words, " to be paid to the said John Balmer, or to his certain attorney, executors, administrators or assigns. To which payment well and truly to be made and done, I bind myself, my heirs, executors and administrators, and every of them, firmly by these presents."

The condition of the bond is in the usual form of a money bond, conditioned that if " Reuben R. Strickler, his heirs, executors, administrators or any of them shall and do well and truly

pay or cause to be paid unto the above named John Balmer, his certain attorney, executors, administrators or assigns, the just and full sum of seven thousand and eight hundred dollars, like money aforesaid, without interest, to be accounted for when a final settlement is made of his estate," then the obligation is to be void. On its face and by the plain and necessary meaning of the words, this paper is a bond for the payment of money, and it contains no word or phrase in any degree indicative that the obligor may be relieved of the payment of the money by any theory that the transaction was a mere gift of the money by Balmer to Strickler. That the debt was not to bear interest does not signify that the principal sum was not to be paid. Those words of the condition mean just what they say, to wit: that no interest is to be paid. When it is considered that Strickler was the husband of Balmer's daughter, and that the money was wanted to buy a farm with, it is not a source of wonder that, to ease his daughter's husband, Balmer should forego the interest and let his son-in-law have the money without paying interest for it. But that is all that the words of the instrument require, and that is the full scope of their meaning. The learned judge of the court below, however, thought that because the principal sum of the debt was to be accounted for at the final settlement of Balmer's estate, it was not to be treated as a debt, but as a gift by way of advancement, and that after his death it was to be settled for by charging it against his daughter's share of his estate. In view of the fact that his daughter died before her father, and therefore could not be the recipient of a share of his estate, there was nothing against which the money could be charged, and it could only be justly said of this situation that the parties were disappointed in their expectation of an event which never happened. But that consideration cannot possibly be made use of to convert the debt into a gift. There are no words in the bond which could possibly justify such an interpretation. And when it is further considered that Strickler became insolvent, and could not hold the farm until Balmer's death, every vestige of a reason for treating the debt as discharged disappears. What Balmer might have been willing to do or to have done with this debt, if his daughter survived him and her husband still held the farm, it is unnecessary to consider since neither of those contingencies exists. But look-

ing at the plain meaning of the words of the bond, they clearly cannot justify the construction claimed. The words are "to be accounted for," when a final settlement of Balmer's estate is made. How is the debt "to be accounted for," if it is treated as a gift. In that method of treatment there never was, or could be, anything to be accounted for. If the money was a gift it belonged to Strickler, and he had nothing to account for. But Strickler never could account for it in any event because he was not a child of Balmer. He had no share of his estate. He had no conceivable interest against which the money could be charged, and therefore no accounting could be had. The basis of the reasoning disappears and, upon that ground alone, any inference that the debt must or might be treated as a gift is simply impossible. We are clearly of opinion that, as in its origin the money was due as a debt, and as there is an entire absence of the only facts which could in any circumstances be used to change its character, its original aspect remains, and it must still be regarded as a debt only. For the same reasons we cannot sustain the view of the auditor. As Strickler is not the owner of the money he cannot be entitled to any interest on it. John Balmer being a creditor to the amount of the real debt, $7,800, is entitled to a share of the fund in court proportioned to the amount of his debt. The assignments of error are sustained.

The decree of the court below is reversed at the cost of the appellee, and the record is remitted with instructions to distribute the fund in accordance with this opinion.